**E-Filed 12/14/2006**

NOT FOR CITATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ROBERT M. JAKOB,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART, Commissioner, Social Security Administration,<br><br>　　　　　　　Defendant. | Case Number C 00-20763 JF<br><br>ORDER[1] GRANTING APPLICATION FOR AWARD OF ATTORNEY'S FEES<br><br>[re: docket no. 19] |

　　　Plaintiff Robert M. Jakob ("Plaintiff") seeks an award of attorney's fees of $18,309.50. The motion is unopposed. For the reasons discussed below, the Court will grant the motion.

### I. BACKGROUND

　　　Plaintiff filed the instant action on July 14, 2000, seeking review of an adverse decision by the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"). On April 9, 2002, the Court granted Defendant's motion for summary judgment and dismissed the case. On April 18, 2002, Petitioner filed a notice of appeal. On November 22, 2002,

---

[1] This disposition is not designated for publication and may not be cited.

following stipulation by the parties, the action was remanded to the Commissioner for further administrative proceedings. On December 23, 2002, the Court issued a stipulated order granting Plaintiff attorney's fees of $4,500.00 under the Equal Access to Justice Act ("EAJA").

On November 3, 2006, Plaintiff moved for an award of attorney's fees under 42 U.S.C. § 406(b). Plaintiff represents in his motion and accompanying exhibits that subsequent to the remand, an Administrative Law Judge issued a favorable decision for Plaintiff on June 23, 2006. *See* Motion Ex. A. On November 3, 2006, the Social Security Administration calculated past due benefits of $89,238.00, and withheld $22,309.50 for attorney's fees. *See* Motion Ex. B. This withholding is equivalent to the amount agreed to in Plaintiff's agreement with counsel, *see* Motion Ex. B.,[2] and represents the percentage approved by the Social Security Administration. *See* Motion Ex. A. Of this $22,309.50, Plaintiff seeks $4,000.00 in a separate motion at the administrative level. Plaintiff's counsel seeks the remaining $18,309.50 for appearances before this Court. Counsel states in the motion that he would reimburse Plaintiff the $4,500 previously paid in accordance with the EAJA, for a net cost to Plaintiff of $13,809.50.

## II. LEGAL STANDARD

In an action for past due benefits under 42 U.S.C. § 406, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III. DISCUSSION

The Court concludes that the attorney's fees sought by Plaintiff's counsel are reasonable

---

[2] The agreement provides: "I will pay Harvey P. Sackett, subject to the approval of the Social Security Administration, a fee no greater than 25% of the gross past-due benefits owed to me (and my auxiliary beneficiaries, if applicable)."

2

1 within the meaning of 42 U.S.C. § 406(b)(1)(A) and *Gisbrecht*. Plaintiff's counsel declares that
2 he spent 30.35 hours working on the merits of this action in this Court. *See* Motion Ex. D. Such
3 an amount of time is reasonable given the complexity of the case. The effective hourly rate of
4 $603.28[3] is reasonable considering the contingent nature of the representation, counsel's non-
5 contingent rate of $475.00, and the experience and skill of counsel.

6     Counsel already has received $4,500.00 in fees under the EAJA, and any award under 42
7 U.S.C. § 406(b) must be reduced by that amount. *Gisbrecht*, 535 U.S. at 796. Accordingly, the
8 Court orders that Plaintiff's counsel be allowed to collect attorney's fees in the amount of
9 $18,309.50 under 42 U.S.C. § 406(b), and that counsel shall reimburse Plaintiff the $4,500.00
10 already received pursuant to the EAJA.

## IV. ORDER

12     Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's application
13 for attorney's fees is GRANTED.

16 DATED: December 14, 2006

19                                  JEREMY FOGEL
                                 United States District Judge

---

28    [3] $18,309.50 divided by 30.35 hours.

1 | This Order has been served upon the following persons:

2 | Jocelyn Burton     Jocelyn.Burton@usdoj.gov

3 | Gail Killefer     gkillefer@aol.com

4 | Harvey P. Sackett     hps@hpspc.com, lucyc@sackettlaw.com; julie@sackettlaw.com; juanita@sackettlaw.com

6 | Notice will be delivered by other means to:

7 | Robert S. Mueller , III
U S Attorney's Office
Criminal Division
450 Golden Gate Ave
San Francisco, CA 94102

4

Case No. C 00-20763 JF
ORDER GRANTING APPLICATION FOR AWARD OF ATTORNEY'S FEES
(JFLC1)